# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

| | | |
|---|---|---|
| **DAVID STEIN**<br>dstein@samuelandstein.com | August 10, 2015 | ADMITTED IN<br>NY, NJ, PA, IL, DC |

**VIA ECF**

U.S. Court of Appeals for the Second Circuit
40 Centre Street
New York, NY 10007
Attention: Case Manager Amit Singh

      Re:    <u>Shi Meng Luo et al. v. Shanghai Pavilion, et al.</u>
               *Case No. 15-1173*

Dear Mr. Singh:

      We represent plaintiffs-appellees in the above-captioned matter, and write in response to defendants-appellants' letter of earlier today, seeking an extension of time to file their opening brief.

      On June 17, 2015, appellants sent a letter to the Court pursuant to Local R. 31.2 requesting that appellants be permitted to file their brief on the last day possible – today, August 10, 2015. On June 19, 2015, that date was so ordered by the Court. The Order expressly provided:

> The appeal is dismissed effective August 10, 2015 if the brief is not filed by that date. A motion to extend the time to file the brief or to seek other relief will not toll the filing date. See Local Rule 27.1(f)(1); cf. *RLI Insurance Co. v. JDJ Marine, Inc.*, 716 F.3d 41, 43-45 (2d Cir. 2013).]

As the Court is no doubt aware, Local R. 27.1(f)(1) provides that extensions of time will be granted only in "extraordinary circumstances," and then provides as examples "serious personal illness or death in counsel's immediate family." While we are sympathetic to appellants' counsel's situation, appellants' letter – which is not a motion, and which is not supported by any affidavit – cites only an unspecified illness in counsel's family. It does not comply with Fed. R. App. P. 27 in form, and does not comply with Local R. 27.1(b) – not surprisingly, since appellants' counsel never contacted our office about this matter. More importantly, Local R. 27.1(f)(3) requires that such a motion be filed "as soon as practicable after the extraordinary circumstance arises." Appellants vaguely describe the illness as "sudden," but do not specify when it arose or explain why – if it arose only this weekend, which would be the only justification for waiting until this morning to file their request – appellants need two additional weeks for their papers, which should have been complete already (since they were due today).

      We would also point out that, contrary to Fed. R. App. P. 30(b), appellants have never contacted appellees regarding the contents of the Appendix, and have not provided "a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review." Accordingly, we are in the dark as to what the basis of appellants' appeal even is.

Amit Singh
August 10, 2015
Page 2 of 2

      In light of the foregoing, we respectfully oppose appellants' request for a last-minute extension. We thank the Court for its attention to this matter and are available in the event that the Court has any questions.

                        Very sincerely,

                        David Stein

cc:    Wayne Kreger, Esq. (via ECF)